UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Devina Olsen<br><br>  Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br><br>  Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Devina Olsen, ("Devina"), is a natural person who resided in Manteca, California, at all times relevant to this action.

2. Defendant, Asset Acceptance, LLC, ("AA"), is a Delaware Limited Liability Company that maintained its principal place of business in Warren, Michigan, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

**STATEMENT OF FACTS**

5. AA uses a predictive dialer system.

6. Before AA began contacting Devina, it and Devina had no prior business relationship and Devina had never provided express consent to AA to be contacted on her cellular telephone.

7. AA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AA's revenue is debt collection.

9. AA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AA contacted Devina to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Devina is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AA willingly and knowingly used an automatic telephone dialing system to call Devina on her cellular phone multiple times in violation of the TCPA.

14. Around January 2014, AA began contacting Devina on Devina's cellular phone in connection with the collection of the debt.

15. Around January 2014, Devina communicated her desire that AA cease calling her.

16. Despite being notified of this desire, AA continued to call Devina as recently around May 2014.

17. On numerous occasions, Devina communicated her desire that AA cease calling her.

18. On at least one occasion, AA threatened to file a lawsuit against Devina and garnish Devina's wages if Devina didn't pay the debt.

19. AA has not filed a lawsuit against Devina or garnished Devina's wages.

20. AA never intended to file a lawsuit against Devina or garnish Devina's wages.

21. On one occasion, Devina's brother, ("Brother"), picked up the call from AA.

22. During this communication, AA disclosed to Brother that Devina owed the debt.

23. AA caused Devina emotional distress.

24. AA attempted to collect a debt from Devina.

25. AA violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violations of the Telephone Consumer Protection Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Hyslip & Taylor, LLC LPA
One of Plaintiff's Attorneys
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar No. 0079315

Date: December 9, 2014

5